IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALEX TIVIAS GREEN, | : |
| Petitioner, | : |
| VS. | : 1 : 09-CV-142 (WLS) |
| CHRISTOPHER RAILEY, Superintendent, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this federal habeas petition is the respondent's Motion to Dismiss for Lack of Exhaustion. The petitioner challenges his September 2008 convictions following entry of a nolo contendere plea to charges of possession of marijuana with intent to distribute and possession of marijuana within 1000 feet of a school. Petitioner received a sentence of 10 years of probation on each count, to run consecutively. The respondent maintains that none of these claims have ever been presented to the state courts for review, as the petitioner did not file a direct appeal or a state habeas corpus petition. The petitioner has responded to the respondent's Motion to Dismiss, and contends that lack of counsel kept him from appealing his convictions.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v.*

*Hillery*, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978). State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory." *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981).

The petitioner's response to the respondent's Motion to Dismiss does not establish any level of exhaustion, only the petitioner's failure to attack his conviction in the state system. Inasmuch as the petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the petitioner's right to refile once he has exhausted the remedies available to him in the state court system. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 17th day of June, 2010.

S/ ***THOMAS Q. LANGSTAFF***

THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

asb